IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOSEPH J. SCHEPIS, JR., | CIVIL NUMBER_____ |
| Petitioner, | |
| v. | PETITION FOR WRIT OF CORUM NOBIS |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

The Petitioner, Joseph J. Schepis, Jr, in pro se, in the above-styled cause, hereby petitions this Honorable Court for a Writ of Corum Nobis and as good grounds in support of his petition petitioner would show:

1. On December 27, 2006, Petitioner was released from the Bureau of Prisons and is no longer prevented from pursuing judicial remedy for his wrongful sentence, which was imposed in an illegal manner, despite his objections at the time prior to sentencing, as noted in the PSIR, and at the time of sentencing, by the provisions set forth in the AEDPA.

2. The Writ of Corum Nobis is the correct vehicle to use for petitioner to obtain relief from an illegal sentence now that his sentence has been completed in full.

3. Mr. Schepis cites (1) his lack of admission; and (2) his continued objections (in direct and collateral proceedings) to the § 924(e) enhancement as grounds for relief.

4. Mr. Schepis makes a claim which he believes entitles him to the relief he seeks: the facts of this case plainly and conclusively indicate that the district court erred when it used the preponderance of the evidence standard to enhance Mr. Schepis' sentence 6.8 years above the statutory maximum - despite his refusal to admit to being an Armed Career Criminal; despite his objections in the Pre-Sentence Investigation Report (PSIR); and despite his continued denial and argument at sentencing - when use of the guilt beyond a reasonable doubt standard was required as a matter of law. The district court failed to apply the law as it existed at the time Mr. Schepis was sentenced.

5. It is Mr. Schepis' contention that these consistent, timely, objections constitute

contemporaneous objections that were exactly on point with the Supreme Court's subsequent holding in Booker v. United States, 160 L.Ed.2d 621 (2005), and United States v. Sheppard, 161 L.Ed.2d 205 (2005). Moreover, the specificity of these objections preserved his right to make a challenge that does not constitute an attempt to have *Booker* applied retroactively. The Supreme Court's holding in *Booker* specifically states that the guilt beyond a reasonable doubt standard has never changed and district courts err when they use the preponderance of the evidence standard.

## I. Statement of Facts

6. Records of this case will reflect that Mr. Schepis was never indicted by the grand jury as being subject to the enhanced penalty of 18 U.S.C. § 924(e); the Armed Career Criminal Act (ACCA). Also as a matter of record is the decision by Judge Simmons, who determined from the bench, without a hearing or entertaining arguments, that § 924(e) would apply. This determination, which was outside the scope of the court's discretion, was the sole motivating factor which caused Mr. Schepis to withdraw his guilty plea. The fact that Judge Anderson, Jr. subsequently conducted a hearing after Judge Simmons recused himself, does little to mitigate Mr. Schepis' wrongful sentence.

7. Mr. Schepis' indictment never set forth which prior convictions would be used as predicate offenses to subject him to the enhanced penalty of § 924(e). Nor did it advise Mr. Schepis of the potential penalty.

8. Mr. Schepis' plea agreement does not encompass a plea or admission to the § 924(e) enhancement - as required as a matter of law - or an admission that his illegal prior predicate offenses were valid crimes of violence for the purpose of applying the § 924(e) enhancement - which is also required as a matter of law. In fact, Mr. Schepis strongly contested and argued against one his prior convictions applying as a predicate offense.

9. Mr. Schepis' guilty plea did not encompass a plea or admission to the § 924(e) enhancement, and the record will show that even the government acknowledged that Mr. Schepis was not admitting to being an Armed Career Criminal,

10. On November 23, 1992, an Addendum to the PSIR was completed by the United States Probation Office. This addendum contained the objections to the PSIR made by Mr. Schepis. In

Objection number 23, page 2, paragraph 2, it states in pertinent part:

> "Mr. Schepis believes further that it should be noted that the Plea Agreement does not reflect that the Armed Career Criminal statute applies nor does the Indictment." In addition, Mr. Schepis says that "If it were contemplated that such did apply at the time of the Indictment, it would, of course, be reasonable to assume that the applicable statute would have been placed in the Indictment or Plea Agreement. Since it was not, there is little question that the government's position did not apply either." (Quotations in the original).

11. By making this objection, Mr. Schepis conclusively demonstrates a contemporaneous objection specifically contesting of the use of § 924(e), thereby taking his claim outside application of any bar for retroactivity. At the same time, Mr. Schepis argued that one of his predicate crimes did not qualify as a violent felony for the purpose of the § 924(e) enhancement. Moreover, Mr. Schepis is not asking this court for retroactive application of *Booker*. Mr. Schepis is specifically asking that this court apply the law *as it was then,* at the time of his conviction, *and has always been*. The court erred when it used the preponderance of the evidence standard to determine Mr. Schepis was an Armed Career Criminal outside of his admission, while at the same time overruling his objections, which were accurate as a matter of law.

12. Mr. Schepis also repeated these objections at sentencing.

13. The court overruled these objections and, based entirely on facts found outside Mr. Schepis' admission, found, by the preponderance of the evidence standard, that Mr. Schepis was subject to the enhanced penalty under the Armed Career Criminal Act.

14. Because all the principles - the Judge, the AUSA, defense counsel (and even the Court of Appeals) - were acting on the basis of a misinterpretation and misapplication of law, Mr. Schepis could not have entered a knowing and intelligent plea of guilty.

## II. Argument & Authorities

14. Based on the Supreme Court's holding in Booker v. United States, 160 L.Ed.2d 621 (2005), the imposition of Mr. Schepis' 200 month sentence, based entirely on facts found by the district court outside defendant's own admission constitute error. *Accord*, United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

15. In *Booker,* the Supreme Court held that a sentence exceeding the maximum allowed

-3-

1  based only on the facts presented to a jury or *admitted by the defendant* violated the Sixth
2  Amendment, and that defendants have a due process right to be sentenced according to accurate
3  information and found guilty of *every element of the offense* beyond a reasonable doubt. Booker,
4  Id..

5     16. As indicated in Mr. Schepis' PSIR, his unaggravated Offense Level is 12. His Category
6  is "V" (corresponding to a prescribed range of 27 to 33 months imprisonment - not including or
7  counting the sentence reduction for "Acceptance of Responsibility"), which is the maximum
8  authorized by the facts admitted to in his guilty plea. The imposition of a 200-month sentence,
9  based entirely on facts found by the district court and outside Schepis' admission, therefore,
10 constituted error. Hughes, Id., at F.3d 548.

11    17. Having established error through *Hughes'* holding, in order for Mr. Schepis to obtain
12 relief he must show that the errors listed above constituted *plain* error. *Accord*, United States v.
13 Hastings, 134 F.3d 235, 239 (4th Cir. 1998).

14    18. According to *Hastings*, the error must be *plain*. For the purpose of plain error, *plain*
15 is synonymous with *clear* or equivalently *obvious*. United States v. Olano, 507 US 725, 734 (1993).
16 An error is plain *where the law at the time of trial was settled and clearly contrary to the law at the*
17 *time of the appeal.* Johnson v. United States, 520 US 461, 468 (1997); *Accord*, United States v.
18 David, 83 F.3d 638 (4th Cir. 1996) (*holding that an error is plain when objection at trial would have*
19 *been indefensible because of existing law, but a supervening decision reverses well-settled law.*)
20 When Mr. Schepis was sentenced, any claim that imposition of a sentence other than the maximum
21 authorized under the guidelines by the facts found by the jury alone or admitted by the defendant
22 would violate the Sixth Amendment was foreclosed by this Circuit's holdings. But even more
23 important to the issue is that through counsel, Mr. Schepis raised these arguments anyway. Even
24 after the Supreme Court decided Apprendi v. New Jersey, 430 US 490 (2000), the argument Mr.
25 Schepis presented continued to be foreclosed by this Circuit's holding. *Accord*, United States v.
26 Kinter, 235 F.3d 192, 199-202 (4th Cir. 2000). However, *Booker* now abrogates this Circuit's
27 previously settled law. *Accord, Hughes* Id., at F.3d 240. To determine that the error was
28 *prejudicial*, Mr. Schepis must show that the *error actually affected the outcome of the proceedings.*

Id.

19. In the case at bar, the district court imposed a sentence 6.8 years greater than the 10-year maximum authorized by the statutory maximum of the charge on the Indictment, and the facts Mr. Schepis admitted to. Moreover, had the district court imposed a sentence within the maximum allowed by the guidelines, Mr. Schepis' sentence would have been calculated according to an Offense Level of 10, Category V, (corresponding to a prescribed sentence range of 21 to 27 months imprisonment - reflecting the 2-point reduction for Acceptance of Responsibility he received). Both of these sentences are considerably less than the final Offense Level of 31, Category V (corresponding to a prescribed range of 168 to 210 months imprisonment) used by the district court, and the 200-month sentence it imposed.

20. This court should, therefore, conclude that the error affected Mr. Schepis' substantial rights. *Accord,* United States v. Promise, 255 F.3d 150, 160 (4th Cir. 2001) (en banc) (holding that error resulting in increased sentence affected defendant's substantial rights).

21. Arguably, the district court could assert that by making the guidelines advisory in *Booker*, the Supreme Court provided the district court with discretion to impose any sentence it chose, thereby negating the error's affect on the outcome of the proceedings. The flaw with this reasoning is that no matter how the district court tried to tailor its sentence, its sentence, according to *Booker* and *Apprendi* could never exceed the statutory maximum of the offense charged on the Indictment: 10 years. Without taking Mr. Schepis back before the Grand Jury and re-indicting his for § 924(e), there is no way the district court could increased Mr. Schepis' sentence beyond the 10-year maximum of 18 U.S.C. § 922(g), to the 16.8-year sentence it imposed in 1992. Which makes this error *prejudicial*, because the error *actually affected the outcome of the sentence proceedings* by imposition of a sentence 6.8 years beyond and above the statutory maximum.

### III. Conclusion

22. It is within the court's discretion to determine whether the errors presented herein warrant correction. As noted in *Hastings*, Id., at F.3d 244, a court's discretion is appropriately exercised when failure to do so would result in a miscarriage of justice, such as when the error seriously affects the fairness, integrity or public reputation of judicial proceedings. There is nothing

*fair* about giving a person an unlawful, unconstitutional sentence that kept a person wrongfully incarcerated and deprived of his liberty for 6½ years, or doing nothing to correct the error once the person has completed his sentence in its entirety, been released from prison, and takes the time necessary to bring it to the court's attention.

23. Mr. Schepis asserts that for a court to leave standing a sentence imposed under a system that has been repudiated by the United States Supreme Court, when he can demonstrate repeated contemporaneous objections, *is to place in jeopardy the fairness, integrity* [and] *public reputation of judicial proceedings*.

24. This court has an opportunity to correct a grievous error that wrongfully and unconstitutionally robbed a man of 16.8 years of his liberty, by vacating and setting aside the conviction. The court can never replace the freedom wrongfully taken, but it can correct the error and show that the system really does work to correct its mistakes.

WHEREFORE, for good grounds shown, Mr. Schepis requests that this Honorable Court grant his petition for a Writ of Corum Nobis, having presented herein a colorable claim, and vacate and set aside his sentence.

Respectfully Submitted,

February 12, 2007

By: _____
Joseph J. Schepis, Jr.
Petitioner, Pro Se

5714 Nelson St.
Apt. 4704
N. Charleston, SC 29418
(843) 327-1639