UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph J. Schepis, Jr., #83380-071, | ) C/A No. 0:07-0753-JFA-BM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| United States of America, | ) |
| Respondent. | ) |

This matter is before the court upon the *pro se* filing of a petition for writ of error coram nobis. In 1992, Petitioner entered a guilty plea to violation of 18 U.S.C. § 922(g) and was sentenced as an armed career criminal. The Fourth Circuit affirmed the conviction. *See U.S. v. Schepis*, 2 F. 3d 1150 (4th Cir. 1993). Petitioner thereafter filed two unsuccessful motions under 28 U.S.C. § 2255. *See Schepis v. United States*, Civil Action No. 0:95-0681 (D.S.C. 1995); *Schepis v. United States*, Civil Action No. 3:95-4010 (D.S.C. 1995), *appeal dismissed, U.S. v. Schepis*, 110 F. 3d 61 (4th Cir. 1997)(Table). He has also filed three (3) petitions pursuant to 28 U.S.C. § 2241 in this District attacking this same conviction and sentence.[1] *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) [ This court may take judicial notice of its own books and records.].

Petitioner, who is no longer incarcerated, now files this petition for writ of error corum nobis, alleging that "[t]his court has an opportunity to correct a grievous error that wrongfully and unconstitutionally robbed a man of 16.8 years of his liberty, by vacating and setting aside the conviction." *See Petition @ 6.*

---

[1] *Schepis v. Hamidullah*, Civil Action No. 0:04-21977 (D.S.C. 2004), *aff'd* 137 Fed. Appx. 606 (4th Cir. 2005); *Schepis v. United States of America*, Civil Action No. 0:05-2287 (D.S.C. 2005); and *Schepis v. Hamidullah*, Civil Action No. 0:06-488 (D.S.C. 2006).



**STANDARD OF REVIEW**

Through the instant coram nobis petition, Petitioner seeks to "obtain relief from an illegal sentence...". Petitioner cites "...(1) his lack of admission; and (2) his continued objections (in direct and collateral proceedings) to the § 924(e) enhancement" as two grounds for his requested relief. In determining whether a court must address a petition for coram nobis relief, it is appropriate to use the same analytical framework as applied when reviewing successive habeas corpus petitions pursuant to § 2255. *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998). Due to the distinct similarities between coram nobis proceedings and §2255 proceedings, § 2255 procedure is applied by analogy in coram nobis cases. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Accordingly, this court will treat the present coram nobis proceeding in the same manner as a habeas corpus petition pursuant to § 2255.

Viewed as "essentially a remedy of last resort," *Fleming*, 146 F.3d at 89, a writ of error coram nobis is available only to those cases in which "errors . . . of the most fundamental character . . . rendered the proceeding itself irregular and invalid." *United States v. Mayer*, 235 U.S. 55, 69 (1914). Coram nobis relief is extremely rare and only granted "under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954); *see Carlisle v. United States*, 517 U.S. 416, 429(1996) (stating that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." (quoting *United States v. Smith*, 331 U.S. 469 (1947))). Essentially, the writ is issued "to correct errors of fact unknown to the court at the time of the judgement, without fault of the defendant, which, if known would probably have prevented the judgment." *Morgan*, 346 U.S. at 516.

**DISCUSSION**

Due to Petitioner's previous unsuccessful attempts at achieving post-conviction relief, this



court must, before addressing the merits of the coram nobis petition, determine whether the current petition is even properly before the court. *Durrani v. United States*, 294 F.Supp. 2d 204, 209 (2003); *see Morgan*, 346 U.S. at 512 (stating that coram nobis is available only when no other remedy is available and sound reasons exist for failure to seek appropriate earlier relief); *Wills v. United States*, 654 F.2d 23 (8th Cir. 1981)5("[C]oram nobis may not be used to relitigate matters raised in a § 2255 motion."). As noted above, courts apply the analysis used in § 2255 proceedings to determine the propriety of a coram nobis petition. *See Blanton v. United States*, 94 F.3d at 235(recognizing that "because of the similarities between coram nobis proceedings and §2255 proceedings, the § 2255 procedure is often applied by analogy in coram nobis cases."). In accordance with § 2255 procedure, the *Durrani* court devised a test to determine whether consideration of a coram nobis petition is necessary.

Under the *Durrani* test, courts will refuse to entertain a petition if: "(1) the same grounds presented in the current petition were determined adversely to Petitioner in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the 'ends of justice' would not be served by reaching the merits of the repetitive grounds in the current petition." *Durrani*, 294 F. Supp. 2d at 210; *Saunders v. United States*, 373 U.S. 1, 15(1963) (setting the standard for determining the propriety of successive habeas corpus petitions); *United States ex rel. Schnitzler v. Folette*, 406 F.2d 319, 322 (2d Cir.1969)(reversing a district court's decision to entertain a habeas corpus application when the application was factually and legally identical to one previously rejected on the merits by the Second Circuit). In *Sun v. United States*, the court acknowledged that coram nobis relief is "only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable." *Sun v. United States*, 342 F. Supp. 2d 1120, 1126 (N.D. Ga. 2004). The *Durrani*



court implemented further standards upon coram nobis Petitioners by noting that a petitioner bears the burden of demonstrating that: "(1) sound reasons exist for his failure to seek appropriate relief earlier; (2) he continues to suffer legal consequences from his conviction that may be remedied by granting of the writ; and (3) granting such relief is necessary under the circumstances to achieve justice." *Durrani*, 294 F. Supp.2d at 212.

Applying these standards to the case at bar, it is clear that the court should not entertain the merits of the current petition. First, as noted above, Petitioner unsuccessfully appealed his conviction to the Fourth Circuit in 1993. In 1995, Petitioner attempted to challenge his conviction on two occasions by filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. These motions were denied, and an appeal of one of those two motions was denied by the Fourth Circuit in 1997. Then, in the years 2004, 2005, and 2006, Petitioner filed petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241, all of which were denied. Based on this lengthy history of post conviction challenges, it is clear that Petitioner has exhausted his opportunity to challenge his conviction, and at this point, coram nobis relief would only be appropriate if the challenge were based on grounds newly realized after a completed sentence or under a change of law. *See Sun*, 342 F. Supp. 2d at 1126 ["As an extraordinary remedy, the writ of error coram nobis may not be used to relitigate matters that have already been put in issue and determined."].

Petitioner insists "...that the District Court erred when it used a preponderance of the evidence standard to enhance [his] sentence 6.8 years above the statutory maximum - despite his refusal to admit to being an Armed Career Criminal; despite his objections in the Pre-Sentence Investigative Report (PSIR); and despite his continued denial and argument at sentencing - when use of the guilt beyond a reasonable doubt standard was required as a matter of law...". *See Petition* @ 1. Petitioner further maintains that "..these consistent, timely, objections constitute



contemporaneous objections..." which were exactly on point with the Supreme Court's subsequent holding in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (January 12, 2005), and *United States v. Sheppard*, 544 U.S. 13, 125 S. Ct.1254 (March 07, 2005). Petitioner claims that the "specificity of [his] objections preserved his right to make a challenge that does not constitute an attempt to have *Booker* applied retroactively." *See Petition* @ 1and 2.

However, the Fourth Circuit has held that *Booker* is not retroactive and not available for post-conviction relief for federal prisoners whose convictions became final before *Booker* was decided. *See United States v. Morris*, 429 F. 3d 65, 72 (4th Cir. 2005). Additionally, there is nothing in the *Booker* decision that permits a petitioner to "preserve" his right to make a challenge to a conviction that was final before *Booker* was decided. Finally, Petitioner has already raised his *Booker* arguments in at least one of his § 2255 motions. *See Schepis v. United States*, Civil Action No. 3:95-4010 (D.S.C. 1995), *appeal dismissed, U.S. v. Schepis*, 110 F. 3d 61 (4th Cir. 1997)(Table). Thus, applying the test set forth in *Durrani*, *supra*, this issue has already been ruled upon, and Petitioner is therefore barred from relitigating this claim. In the absence of new credible evidence or a change of law *which applies to his case*, Petitioner's request for writ of error coram nobis is procedurally barred. *See Durrani*, 294 F. Supp.2d at 212. Therefore, because Petitioner had ample opportunity on direct appeal and in his previous § 2255 petitions to raise these issues, and did so, this court need not address the merits of the instant petition for writ of error coram nobis.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the complaint in the above-



captioned case without issuance and service of process.

                                                           Bristow Marchant
                                                          United States Magistrate Judge

Columbia, South Carolina

April 30, 2007

               ***The Petitioner's attention is directed to the important notice on the next page.***



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

