UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph J, Schepis, Jr., | ) C/A No. 0:07-0753-JFA-BM |
| Petitioner, | ) |
| vs. | ) OBJECTIONS TO THE MAGISTRATE'S |
| | ) REPORT & RECOMMENDATION |
| United States of America, | ) |
| Respondent. | ) |

The Petitioner, Joseph J. Schepis, Jr., in pro se, in the above-styled cause, herein submits the following Objections to the Magistrate Judge's Report and Recommendation.

1. The Magistrate is factually incorrect in his statement that Petitioner "filed two unsuccessful motions under 28 U.S.C. § 2255". In *Schepis v. United States*, Civil Action No. 0:95-0681 (D.S.C. 1995), Mr. Schepis filed a *Motion for a New Trial.* When this Court informed Mr. Schepis of its intent to construe his *Motion for a New Trial* as a § 2255, Mr. Schepis voluntarily dismissed his complaint *without a decision upon its merits.* His *Motion for a New Trial* was dismissed *without prejudice.* Mr. Schepis then modified his pleading and refiled the action under *Schepis v. United States*, Civil Action No. 3:95-0681 (D.S.C. 1995): his first and *only* § 2255. It is both misleading and unfair to have this fact omitted and misrepresented. Mr. Schepis has only had one bite at the apple and that bite occurred ten years before the Supreme Court decided *United States v. Booker*, 160 L.Ed.2d 621 (2005). Had the *Booker* holding been the way the law was being interpreted at the time Mr. Schepis was sentenced, his objections to this Court at that time

1

(which were succinctly stated in his Objections to the PSIR) would have been factually on point as a matter of law.

2. While the Magistrate is factually correct that Mr. Schepis filed three (3) petitions pursuant to 28 U.S.C. § 2241, the Magistrate fails to note that none of these pleadings were decided on their merits. Each of these cases was perfunctorily dismissed by this Court.

3. As the Magistrate points out, "[e]ssentially, the writ is issued to 'correct errors of fact unknown to the court at the time of the judgment, without fault of the defendant, which if known would probably have prevented the judgment'." *United States v. Morgan*, 346 U. S. 469, 516 (1947). The following are errors of fact that were unknown to the Court at the time of judgment: (1) While it was known that Mr. Schepis was never indicted or charged with being an Armed Career Criminal in violation of 18 U.S.C. § 924(e), it was *unknown* to the Court that it was required as a matter of law; (2) it was known to the Court that Mr. Schepis' indictment did not set forth the predicate crimes that would be used to facilitate his sentence enhancement under § 924(e), but it was *unknown* to the Court that it was required as a matter of law; (3) the Court was aware that Mr. Schepis' indictment only advised him that he faced a ten (10) year maximum penalty, 3 years Supervised Release and a fine of $250,000, but it was *unknown* to the Court that it could not exceed this maximum penalty through the use of the preponderance of the evidence standard; (4) the Court was aware that Mr. Schepis refused to enter a plea of guilty to § 924(e), or admit to being an Armed Career Criminal (in fact, he argued strenuously against his qualifying for and application of § 924(e)), but it was *unknown* to the Court was that Mr. Schepis' admission was necessary *before* he

2

could be sentenced as an Armed Career Criminal; (5) the Court found Mr. schepis, despite his objections, to be an Armed Career Criminal through the use of the *preponderance of the evidence standard*, and it was *unknown* to the court that the *guilt by reasonable doubt standard* was required as a matter of law; (6) through the use of the preponderance of the evidence standard, this Court increased the statutory maximum of Mr. Schepis' sentence from 10 years to a minimum mandatory of 15 years under § 924(e), and the fact that the Court was prohibited from doing so in the manner it did was unknown to it.; and, (7) the Court enhanced Mr. Schepis' sentence and sentenced him to 16.8 years imprisonment – a sentence 6.8 years above the sentence prescribed by 18 U.S.C. § 924(a), for a conviction under 18 U.S.C. § 922(g), and the fact that the Court was prohibited from giving this sentence, as a matter of law, was unknown to it. Mr. Schepis' position here is that no matter how hard this Court may be in the execution of its judgment, the Court would not *knowingly* violate the letter of the law, as it existed then, to impose the sentence it did upon Mr. Schepis. At the time this Court imposed its sentence it was *unknown to the Court* that the general interpretation of the application of sentencing under the SRA was incorrect and that it could not employ the preponderance of the evidence standard or that without the required indictment elements necessary to establish a penalty under § 924(e) and Mr. Schepis' admission (or a jury finding), Mr. Schepis should not have been subjected to an enhanced § 924(e) penalty.

Based on the preceding, Mr. Schepis presents a colorable Error Corum Nobis claim.

4. Nor is Mr. Schepis *re-litigating* matters raised in a § 2255 motion. While it is true that Mr. Schepis has attempted to raise these issues in § 2241 proceedings, the record

3

will show that none of these cases were decided upon their merits. They were all summarily dismissed *without serivce of process*. In each case, the Court construed Mr. Schepis' proceeding as an end-around § 2255 and dismissed it for being in violation of procedural bars of the AEDPA. Using the Magistrate's cite, this action is proper because the status of the law at the time Mr. Schepis filed his direct appeal made raising his issue untenable, and *the grounds to attack the conviction* [became] *known after a completed sentence when § 2255 relief* [was] *unavailable. Sun v. United States*, 342 F. upp.2d 1120, 1126 (N.D. Ga. 2004). Mr. Schepis was twice procedurally barred from use of § 2255: he was barred because it was a second petition, and he was barred because the Supreme Court has not declared *Booker*'s retroactivity. As this Court is well aware, it repeatedly denied Mr. Schepis relief without a review of these merits because of bars enacted by provisions of the AEDPA. The only way Mr. Schepis can conceivably receive a review of these merits is by filing an Error Corum Nobis now that he has been released because the procedural bars created by the AEDPA no longer apply. This is not a § 2255. A § 2255 can not be filed by someone who is not *incarcerated*. These reasons also meet the three-part test established in *Durrani v. United States*, 294 F.Supp.2d 204, 212 (2003). On December 12, 1992, this Court imposed a lengthy sentence that kept a man incarcerated for 16 years. It did so believing it was in compliance with the law, and was, in fact, in compliance with the law as it was interpreted and applied at the time. But a case, decided by the Supreme Court of the United States 12 years later, has subsequently rendered the Court's interpretation of the law as it existed then, incorrect. In *Booker,* the Supreme Court pointed out that the *guilt beyond a reasonable doubt standard* had never been replaced by *the preponderance of the evidence standard* with the enactment of the

SRA, and held that this deviation by the courts from the former to the latter was an error as a matter of law.

Granted, the Magistrate Judge is absolutely correct when he points out that Mr. Schepis has a lengthy history of attempting post-conviction challenges. But this Court has never addressed the merits of these attempted challenges as they pertain to the Supreme Court's holding in *Booker*. Mr. Schepis' challenges have always been summarily dismissed without a review upon their merits and without service of process.

5. With regard to retroactivity, this is not a § 2255, even though it is being evaluated by that standard. The Fourth Circuit's holding that *Booker* is not retroactive and not available for post-conviction relief for federal prisoner whose convictions became final before *Booker* was decided, has to do with procedural bars created by the AEDPA for second and subsequent petitions. *See, United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). There is a clear distinction here. Mr. Schepis is no longer procedurally barred by the AEDPA, and this is not a second or subsequent petition under § 2255. This Court errs, again, if it imposes a procedural bar that does not exist for the purpose of dismissing Mr. Schepis' claim with, yet another, refusal to review the merits of it. Contrary to the Magistrate's assertion, Mr. Schepis has had no opportunity on direct appeal or in his *sole previous § 2255 motion* to raise these issues and have them reviewed upon their merits.

### Conclusion

Mr. Schepis beseeches this Court to stop the nonsense and respectfully requests that it review the record. In so doing, the Court will discover where it made a previous finding of fact that the alleged second § 2255 was as Mr. Schepis stated in item 1 above. For years Mr. Schepis has been trying to obtain a review upon the merits and been thwarted by procedural bars enacted by the AEDPA. The provisions and procedural bars of the AEDPA do not apply here. Nor do the bars on retroactivity. This is a pristine forum that makes Mr. Schepis' issues ripe for review and will allow this Court to correct errors that occurred 16 years ago. If this Court sentenced Petitioner today as it did on December 12, 1992, its sentence would be overturned on appeal. The objections Petitioner lodged as defendant on November 23, 1992, in his Addendum to the PSI, were accurate as a matter of law. This Court should not have sentenced Mr. Schepis as an Armed Career Criminal without him having been indicted for it and without his admission. When this Court overruled valid and accurate objections, and rendered a sentence pursuant to § 924(e), this Court erred. Mr. Schepis now asks that this Court correct its errors.

WHEREFORE, the Petitioner respectfully requests that this Honorable Court deny the Magistrate Judges Report and Recommendation and review this case upon its merits.

Respectfully Submitted,

By: Joseph J. Schepis, Jr.
Petitioner, Pro Se

May 4, 2007