IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | | |
|---|---|---|
| Joseph J. Schepis, Jr., #83380-071, | ) | C/A No.: 0:07-0753-JFA |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, who is no longer incarcerated, has filed a petition for a writ of error coram nobis alleging that he has served an illegal sentence. He contends that the district court erred when it used a preponderance of the evidence standard to enhance his sentence 6.8 years above the statutory maximum.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that the court should not entertain the merits of the petition. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

A writ of error corum nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody. It is "essentially a remedy of last resort," and uses the same analytical framework as applied when reviewing successive § 2255 habeas petitions. *Fleming v. United States*, 146 F.3d 88 (2d Cir. 1998). Coram nobis relief is extremely rare and only granted "under circumstances compelling such action to achieve justice" and is available because results of the conviction can persist after the sentence has been served. *United States v. Morgan*, 346 U.S. 502, 511 (1954).

Due to petitioner's previous unsuccessful attempts at achieving post-conviction relief, the court must determine, before addressing the merits, whether the petition is properly before the court. In determining whether the current petition is properly before the court, the Magistrate Judge applied the *Durrani* test and determined that (1) the same grounds presented in the current petition were determined adversely to the petition in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the repetitive grounds in the current petition. *See Durrani v. United* States, 294 F. Supp. 2d 204, 209 (D. Conn. 2003). Thus, the Magistrate Judge concludes that the court should not entertain the merits of the current petition.

The petitioner was advised of his right to file objections to the Report and Recommendation. He filed a six-page objection memorandum[2] to the Report on May 8,

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for

2007. Then, on December 17, 2007, petitioner filed a two-page addendum to his objections attaching to his addendum the Eleventh Circuit case of *United States v. Michael J. Peter*.

I.  BACKGROUND

The petitioner, Joseph J. Schepis, Jr., faked a boating accident and then fled the country. He was arrested in Bermuda some months later and returned to South Carolina for trial. He then pled guilty again under the same plea agreement, after being advised by the district court that he was exposed to an enhanced sentence under § 924(e) (Armed Career Criminal Act). He pled guilty to a violation of 18 U.S.C. Section 922(g) (felon in possession of a firearm) and was sentenced on December 11, 1992 to 200 months imprisonment by the undersigned.[3] He filed a direct appeal of his conviction contesting the court's sentence and its application of the Armed Career Criminal Act. The Fourth Circuit Court of Appeals affirmed his conviction.[4]

On March 17, 1995, the petitioner moved for a new trial which the court contemplated construing as a motion under 28 U.S.C. § 2255. The petitioner then filed a motion to voluntarily dismiss this action so that he could later re-file a proper § 2255 petition asserting

---

clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

[3] *See United States v. Joseph J. Schepis*, Jr., CR No. 0:91-425-JFA (D.S.C.).

[4] *See United States v. Schepis*, 2 F.3d 1150 (4th Cir. 1993), 1993 WL 307690, Unpublished Disposition, C.A.4 (S.C.), August 13, 1993 (No. 92-5863).

3

all of his grounds in one motion. That action was dismissed *without* prejudice (C/A No. 0:95-681-JFA).

On December 21, 1995, the petitioner filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (C/A No. 3:95-4010-JFA). The undersigned reviewed the merits of the petition, denied the requested relief, and dismissed the action with prejudice. Petitioner then filed a notice of appeal which the Fourth Circuit dismissed on the district court's reasoning. The Fourth Circuit also denied petitioner's request for a certificate of appealability (Fourth Circuit Appeal, No. 96-6868).

On March 16, 2005, in his criminal case (CR No. 3:91-425-JFA), petitioner filed a motion to amend his judgment pursuant to 18 U.S.C. § 3582. The court dismissed the motion without prejudice as a successive § 2255 petition concluding that Schepis was clearly attacking his conviction through his argument that he should be resentenced under *United States v. Booker*, 543 U.S. 220 (2005). Petitioner then filed a motion for clarification of the court's order which was denied.

On July 19, 2006, almost ten years after the court denied his § 2255 petition, the petitioner filed, in his § 2255 case (C/A No. 3:95-4010-JFA), a motion for leave to file a Rule 60(b) motion. In its order denying relief, the court noted that petitioner's argument that he was entitled to correction of his criminal sentence under *Booker* was misplaced because *Booker* was not retroactive and not available for post-conviction relief for federal prisoners whose convictions became final after *Booker* was decided.

4

The petitioner then filed numerous motions and petitions over the course of his incarceration.

II.   DISCUSSION AND PETITIONER'S OBJECTIONS

In his first objection, the petitioner asserts that he has only filed one previous Section 2255 petition. This matter has been addressed earlier in this order.

Petitioner's second objection sets forth the argument that his three previous petitions under 28 U.S.C. Section 2241 were "perfunctorily dismissed by this court and not decided on the merits."

The record before the court reveals that petitioner's first §2241 petition (C/A 0:03-3463-JFA) was decided on the merits with the court finding that the Bureau of Prisons was not required to calculate an inmate's Good Time Credit on the basis of his sentence as opposed to the time he has actually served. The second § 2241 petition (C/A 3:04-276-JFA) was denied because the court found petitioner had no right to have his security and classification score decreased in order to be placed in a minimum security federal prison facility. Petitioner's third § 2241 petition (C/A 3:04-21977-JFA) was dismissed because the petitioner failed to demonstrate actual factual innocence of the offense of the conviction.

The court's docket also reflects that petitioner filed a fourth petition under § 2241 (C/A 0:05-2287-JFA) which this court dismissed immediately because the petitioner had not received permission from the Fourth Circuit Court of Appeals before filing another collateral attack on his conviction. Finally, petitioner filed a fifth § 2241 petition (C/A No. 0:06-488-

5

JFA) which this court dismissed for the same reasons as the fourth petition.

Contrary to the petitioner's assertions in his objections, these matters were decided on the merits or dismissed because the court was without jurisdiction to consider an application containing abusive or repetitive claims. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). Moreover, petitioner had not obtained pre-failing authorization from the Fourth Circuit as is required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2255 petitions.

In his third objection, petitioner rehashes his accusations that this court improperly exceeded the statutory maximum for a conviction and should have not been subjected to an enhanced § 924(e) penalty. That matter has already been decided in the Fourth Circuit decision affirming this court's sentence:

> Schepis maintains that he had a right to be sentenced without the application of § 924(e) because he believed it would not apply when he negotiated his first plea agreement, and because he used up all his bargaining power in the first round of plea negotiations. His arguments are meritless for a number of reasons. First, even if a federal agent made such an assurance to Schepis, it was not incorporated into the plea agreement which stated only that the district court would determine the sentence in accordance with the sentencing guideline, and that the government would not take a position on what sentence the court should impose. Moreover, when Schepis' misapprehension about the possible applicability of § 924(e) surfaced, he was afforded the remedy of withdrawing his plea.
>
> After entering his second guilty plea in the full awareness that he was exposed to a sentence under § 924(e), and upon being informed explicitly by the district court that any

6

>representations made by federal agents were not binding on the court, Schepis had no basis for arguing that the court was bound by any earlier promise which allegedly induced his first guilty plea.
>
>The district court did not clearly err in determining by a preponderance of the evidence that Schepis was on unsupervised parole at the time of the current offense, and in awarding two criminal history points under guideline section 4A1.1(d).

In his fourth objection, petitioner contends that he is not re-litigating matters raised in his § 2255 petition and that the instant petition for writ of error corum nobis is not a second or subsequent petition under § 2255. He concedes that he has attempted to raise these issues in § 2241 proceedings, but still argues the court did not rule on the merits. He also continues his argument that he was procedurally barred from using Section 2255 because of successiveness and because the Supreme Court has not declared *Booker* retroactive. The petitioner asserts that had the *Booker* holding "been the way the law was being interpreted at the time Mr. Schepis was sentenced, his objections to this Court at that time . . would have been factually on point as a matter of law."

Even if the petitioner had never sought relief from his conviction and the instant petition was his first, his argument would still fail. The Fourth Circuit has held that *Booker* is not retroactive and not available for post-conviction relief for federal prisoners whose convictions became final before *Booker* was decided. *See United States v. Morris*, 429 F. 3d 65 (4th Cir. 2005). The Court in *Morris* held:

7

> *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in the application. As a practical matter, the, petitioner's sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system."

*Id*. at 72.

Additionally, as the Magistrate Judge correctly notes, there is nothing in the *Booker* decision that permits a petitioner to "preserve" his right to make a challenge to a conviction that was final before *Booker* was decided. Regardless of the bar on relitigating claims under the AEDPA, there is no relief available to the petitioner.

III.    CONCLUSION

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the petition for writ of error coram nobis is dismissed.

IT IS SO ORDERED.

                                                                            Joseph F. Anderson, Jr.
February 20, 2008                                           United States District Judge
Columbia, South Carolina

8